**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

2011 NOV 10 PH 4: 06

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | | |
|---|---|---|
| DIANA RUIZ-ESPARZA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-234-DB |
| | § | |
| THE UNIVERSITY OF TEXAS AT EL | § | |
| PASO, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant The University of Texas at El Paso's ("UTEP") "Motion for Summary Judgment," filed in the above-captioned cause on September 1, 2011. On September 27, 2011, Plaintiff Diana Ruiz-Esparza filed a "Response to Defendant's Motion for Summary Judgment," to which UTEP replied on October 11, 2011. After due consideration, the Court is of the opinion that UTEP's Motion should be granted.

### BACKGROUND

The instant case arises in the employment context. Plaintiff, a woman, currently works in UTEP's Planning and Construction Department ("the Department") as the Staff Designer. Plaintiff was initially hired by UTEP in 1999 as a Construction Supervisor; although Plaintiff's title has changed, her job duties have remained the same. As Staff Designer, Plaintiff is primarily responsible for enhancing interior space utilization.

In addition to Plaintiff, UTEP also hires Project and Construction Managers. Project Managers manage all aspects of capital improvement projects from conception through completion and final occupancy. Plaintiff identifies three male Project Managers that she alleges receive higher pay for equal work: Jason Parry ("Parry"), Jaime Montoya ("Montoya"), and

Miguel Perez ("Perez"). Construction Managers manage assigned capital projects through bidding, construction, and close-out phases. Plaintiff identifies two male Construction Managers that she alleges receive higher pay for equal work: Michael Gossett ("Gossett") and Robert Meredith ("Meredith").

In her Complaint, Plaintiff alleges a violation of the Equal Pay Act, 29 U.S.C. §§ 206(d)(1), 215(a)(2). Specifically, Plaintiff avers that she was paid less than the five male comparators she identified despite performing equal work requiring equal skill, effort, and responsibilities. Plaintiff seeks back pay and benefits, liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest. The instant Motion followed.

## STANDARD

Summary judgment should be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate where a material fact is "genuine" in "that a reasonable jury could return a verdict for the nonmoving party." *Id.* Indeed, a "genuine" issue is one that is "real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (internal quotation omitted). Thus, the Court considers all the evidence in the record but makes no determination as to credibility of the evidence. *See Anderson*, 477 U.S. at 255. Further, the Court views factual questions and inferences in a light most favorable to the nonmovant. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002).

2

The moving party bears the initial burden of identifying those portions of the pleadings, the discovery, and the disclosure materials on file "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant meets this burden, however, the nonmovant must designate specific facts showing that a genuine issue for trial exists. *Celotex Corp.*, 477 U.S. at 324. The nonmovant discharges this burden by alleging more than "mere allegations or denial of [the] pleadings." *Anderson*, 477 U.S. at 248-49 (internal quotations omitted); *Celotex Corp.*, 477 U.S. at 324 (stating the nonmovant may not successfully oppose summary judgment by merely citing the pleadings). Instead, the nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the nonmovant fails to make a sufficient showing on an essential element of his case, the movant is entitled to summary judgment, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

## DISCUSSION

UTEP contends that it is entitled to summary judgment on Plaintiff's Equal Pay Act claim. Specifically, UTEP argues that Plaintiff does not perform the same work as the Project and Construction Managers and that, therefore, Plaintiff cannot establish a *prima facie* case of an Equal Pay Act claim. Plaintiff contends, however, that she does, in fact, perform equal work of equal value to UTEP as that performed by the Project and Construction Managers. The Court agrees with UTEP.

3

The Equal Pay Act provides that

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . .

29 U.S.C.A. § 206(d)(1) (West 1998). Nevertheless, the Equal Pay Act provides four affirmative defenses to this prohibition: when payment is made pursuant to (1) a seniority system, (2) a merit system, (3) a system measuring earnings by quantity or quality of production, or (4) any other factor other than sex. § 206(d)(1).

To establish an Equal Pay Act claim, Plaintiff must demonstrate that "1. her employer is subject to the Act; 2. she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and 3. she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). "Once a plaintiff has made her prima facie case by showing that an employer compensates employees differently for equal work, the burden shifts to the defendant to prove by a preponderance of the evidence that the wage differential is justified under one of the four affirmative defenses" identified above. *Siler-Khodr v. Univ. of Tex Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001) (internal quotation omitted). "The exceptions are affirmative defenses on which the employer has the burden both of production and of persuasion." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983).

Here, UTEP concedes that it was subject to the Equal Pay Act and that Plaintiff was paid less than the identified male comparators. Consequently, to satisfy her *prima facie*

4

showing, Plaintiff need only carry her burden of demonstrating that she was paid less than her male comparators for equal work in a job requiring equal skill, effort, and responsibilities under similar working conditions. *See Chance*, 984 F.2d at 153. To prove this element, Plaintiff must show that her position was substantially equal to that of her male comparators, although she need not show that they were necessarily identical. *Reznick v. Assoc'd Orthopedic & Sports Med., P.A.*, 104 F. App'x 387, 390 (5th Cir. 2004). The Court compares Plaintiff to the five males she identified, first examining her work in comparison to that of the Project Managers before turning to the Construction Managers.

Preliminarily, however, the Court reviews Plaintiff's qualifications and the work she performed for UTEP. Plaintiff received a Bachelor of Architecture from a formerly-accredited university and was hired by UTEP in 1999 to perform work on interior design. Under the umbrella of enhancing interior space utilization, Plaintiff was specifically tasked with verifying the dimensions of a given space, documenting the existing furniture and equipment, preparing engineer and design documents, scheduling construction and remodeling updates, proposing and developing furniture acquisition, and inspecting the work to be performed. Nevertheless, Plaintiff repeatedly admits in the summary judgment evidence that these tasks involved solely interior spaces with limited or smaller-scale remodeling. Indeed, Plaintiff's job duties primarily involved color schemes, ordering furniture, and overseeing move-ins.[1] Ruiz-

---

[1] Nevertheless, Plaintiff contends that she worked on the following large-scale projects: renovation of Academic Advising Central, renovation of the Financial Services Office at University Towers, construction of restrooms in the metallurgy building, and the renovation of various offices. First, based on mistakes made by Plaintiff, Ed Soltero, current Assistant Director of the Department, completed renovation of Academic Advising Central when he was first hired by UTEP in 2005 as a Project Manager. Soltero Aff. 1. Second, renovation of the Financial Services Office occurred in a privately-owned, off-campus building, with Plaintiff's tasks

Esparza Dep. 117:16-25, June 28, 2011. The Court now compares Plaintiff to the Project Managers.

### A. Project Managers

In general, Project Managers are tasked with certain specifics falling under the umbrella of managing capital improvement projects. Specifically, Project Managers engage in campus mater and capital improvement planning; develop project planning documentation; manage programming, design, bidding, and construction of new facilities, additions, and renovation projects; and review architectural, structural, electrical, and mechanical work necessary for maintenance and modification. Plaintiff argues that she participated in conjunction with Project Managers in capital improvement projects and lists various interior renovations she managed from conception to completion, such as a Project Manager must do. Nevertheless, Plaintiff concedes that she does not perform the same work as a Project Manager. Ruiz-Esparza Decl. at 5. Rather, Plaintiff concedes that her work on these larger projects is limited to furniture and color design and selection. Ruiz-Esparza Dep. 117:16-25, June 28, 2011. Moreover, while Plaintiff argues that her duties were "more of a project manager" and that her work was of equal value to UTEP, *see* Ruiz-Esparza Decl. at 6, the Court notes that Plaintiff must demonstrate that she engaged in equal work requiring equal skill, effort, and responsibilities—not work of equal

---

confined to general office layout. Soltero Aff. 3. Third, as to construction of the bathrooms in the metallurgy building, Meredith, in fact, was the Construction Manager for that project, and Plaintiff merely selected the interior finishings. Soltero Aff. 2. And, finally, Plaintiff's renovation of various offices from inception to completion fell wholly within her role as Staff Designer. Therefore, the major projects Plaintiff cites as constituting the projects she worked on in the capacity of a Project or Construction Manager were either actually overseen by other Department personnel or were interior, singular offices requiring the interior design work characteristic of her job.

value—and that Plaintiff concedes that she does not engage in work equal to that of a Project

Manager. *See Chance*, 985 F.2d at 153. Thus, Plaintiff through her own admissions negates a

showing on the second *prima facie* element as to the Project Managers. Regardless, the Court

proceeds to compare Plaintiff to the three specific individuals identified: Parry, Montoya, and

Perez.

### 1. Project Manager Parry

Parry received a Bachelors of Science in Engineering from UTEP in 2004 and

worked for UTEP as a Project Manager until January 2010. Parry maintains a working

knowledge of International Building Codes, NFPA Life Safety Codes, Americans with

Disabilities Act requirements, and the Texas Department of Licensing and Regulation

accessibility requirements. Parry managed the construction of the new UTEP bookstore and

oversaw the Biological Sciences Complex construction. As to Parry specifically, Plaintiff

concedes that Parry worked on larger, more complex projects and that he was not limited to

interior design projects. Ruiz-Esparza Decl. at 3. Thus, based on Plaintiff's own admissions, the

Court finds that Plaintiff was not engaged in work equal to that of Parry.

### 2. Project Manager Montoya

Montoya received a Bachelor of Architecture from Texas Tech in 2003. Prior to

working for UTEP in 2008, Montoya worked as a Project Manager in the private sector.

Montoya worked as the Project Manager on a $790,000 window replacement for UTEP's

Physical Sciences Building and the retrofit of a sprinkler system costing $450,000. Additionally,

Montoya routinely oversees construction of new buildings, gut renovations, and roofing

replacements. Plaintiff argues that Montoya's project, like Parry's, included some interior

design. Ruiz-Esparza Dep. 121:3-6. Nevertheless, like Parry, Montoya is not limited to interior design, as is Plaintiff. Therefore, simply because Montoya's tasks may include tasks similar to that of Plaintiff, Montoya cannot be said to engage in equal work requiring equal skill, effort, and responsibility based on the sheer size and complexity of his assigned projects. Thus, the Court concludes that Montoya was not engaged in work equal to that of Plaintiff.

### 3. Project Manager Perez

Finally, Perez received a Master's of Science in Mechanical Engineering from UTEP in 2005 and was hired by UTEP in 2008. Perez oversees mechanical and electrical system projects and specifically worked on large-scale mechanical infrastructure overhauls. Indeed, Plaintiff admits that she does not perform the same work as Perez. Ruiz-Esparza Dep. 122:17-19. Therefore, based on Plaintiff's own admissions and the fundamentally different work performed by Perez, the Court concludes that Plaintiff was not engaged in work equal to that of Perez. Having so concluded, the Court is of the opinion that Plaintiff failed to establish a *prima facie* Equal Pay Act claim on the basis of the three Project Managers identified by Plaintiff. The Court now turns to a comparison of the Department's Construction Managers.

### B. Construction Managers

In general, Construction Managers are tasked with investigating and inspecting architectural, structural, electrical, and mechanical systems; project review for constructability and code compliance; planning, scheduling, coordinating, managing, and monitoring project bids to general contractors; construction and maintenance; supervision of construction personnel and subcontractors; inspecting construction sites; and resolving contract disputes. Indeed, Construction Managers are responsible for large-scale construction projects—a fact Plaintiff

8

concedes. Ruiz-Esparza Dep. 124:7-9, 16-22. Moreover, as with the Project Managers, Plaintiff

concedes that she does not perform the same work as a Construction Manager, but argues that her

job requires her to engage in duties consistent with that of a Construction Manager. Ruiz-

Esparza Decl. 5. Nevertheless, in addition to Plaintiff's admission that she does not perform the

same work as a Construction Manager, review of the projects managed by Gossett and Meredith

demonstrate that Plaintiff does not engage in work equal to that of a Construction Manager.

### 1. Construction Manager Gossett

Gossett had fourteen years experience in construction before joining the

Department in 1991. Gossett has overseen window replacements, construction of the new UTEP

parking garage, building system upgrades, and large-scale construction. While Plaintiff's job

responsibilities include small-scale renovation of limited interior space, Plaintiff concedes that

she is not responsible for "a big amount of construction" as is Gossett. Ruiz-Esparza Dep. 30:9-

20. Therefore, the Court concludes that Plaintiff, based on her admissions, does not engage in

work equal to that of Gossett.

### 2. Construction Manager Meredith

Finally, Meredith worked as an electrician for twenty years before being hired by

UTEP in 2007. In addition to the general tasks of a Construction Manager, Meredith recently

worked on building system and roof upgrades, construction of a pedestrian bridge, and a gut

renovation of UTEP's swimming and fitness center. Indeed, Meredith was the Construction

Manager over a project Plaintiff only remotely worked on—Plaintiff chose the interior finishings

for restrooms constructed by Meredith in the metallurgy building. Thus, as Plaintiff concedes,

Meredith is responsible for larger-scale construction than is Plaintiff. Ruiz-Esparza Dep. 124:16-

22. Therefore, the Court finds that Plaintiff did not engage in work equal to that of Meredith. Having so concluded, the Court is of the opinion that Plaintiff failed to make a *prima facie* Equal Pay Act claim by comparing the work she performed to that of the Construction Managers. Indeed, the Court finds that the work performed by both the Project and the Construction Managers was entirely distinct and of a more complex nature than that performed by Plaintiff, a Staff Designer. As such, the Court finds that Plaintiff failed to bear her burden as to the second element of a *prima facie* Equal Pay Act claim and that, therefore, UTEP's Motion should be granted.

## CONCLUSION

For the reasons stated above, the Court finds that summary judgment should be granted in UTEP's favor as Plaintiff wholly failed to establish a *prima facie* case under the Equal Pay Act. While UTEP concedes that it is subject to the Act and that Plaintiff is paid less than the five male comparators identified, Plaintiff could not establish the remaining element of her *prima facie* case—that she performed work equal to that of her comparators requiring equal skill, effort, and responsibilities. While Plaintiff may, in fact, be correct insofar as the work she performs as Staff Designer is of equal value, such a showing is not sufficient to carry her burden. Thus, the Court finds that UTEP's Motion for Summary Judgment should be granted, and the cause dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendant the University of

Texas at El Paso's "Motion for Summary Judgment" is **GRANTED**.

**SIGNED** this **10th** day of **November, 2011.**

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**